1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9

10                    UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  BAY AREA PAINTERS AND TAPERS          Case No.: C07-5065 JSW
    PENSION FUND, et al.
13                                        **NOTICE AND ACKNOWLEDGMENT
                                          and**
14          Plaintiffs,                   **JUDGMENT PURSUANT TO
                                          STIPULATION**
15  v.

16  CHRISTOPHER LUM HYLAND, aka CHRIS
    HYLAND, individually and dba HYLAND-
17  TSUKAMOTO PAINTING & DECORATING,

18          Defendants.

19

20          IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may

21  be entered in the within action in favor of the plaintiffs and against defendants CHRISTOPHER

22  LUM HYLAND, aka CHRIS HYLAND, individually and dba HYLAND-TSUKAMOTO

23  PAINTING & DECORATING, as follows:

24          1.      Defendants entered into a valid collective bargaining agreement with the District

25  Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining

26  Agreement").  This Bargaining Agreement has continued in full force and effect to the present

27  time.

28
                                                               **-1-**
                            **JUDGMENT PURSUANT TO STIPULATION**
                                        **Case No.: C07-5065 JSW**
P:\CLIENTS\PATCL\Hyland-Tsukamoto 3\Pleadings\C07-5065 JSW Judgment Pursuant to Stipulation 100207.DOC

2.      CHRISTOPHER LUM HYLAND, aka CHRIS HYLAND, sole owner and president of HYLAND-TSUKAMOTO PAINTING & DECORATING, hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of  California; Order Setting Initial Case Management Conference; Standing Order; Notice of Availability of Magistrate Judge to Exercise Jurisdiction; Instructions for Completion of ADR Forms Regarding Selection of ADR Process;  Stipulation and [Proposed] Order Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court, San Francisco.

3.      Defendants have become indebted to the Trust Funds for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements as follows:

| | | |
|---|---|---|
| 10% liquidated damages and 7% p/a interest (2/07-6/07 late-paid contributions) | | $7,685.85 |
| July 2007 contributions | $19,673.64 | |
| 10% liquidated damages | $1,967.36 | |
| 7% per annum interest (to 10/3/07) | $203.37 | |
| | | $21,844.37 |
| August 2007 contributions | $21,838.50 | |
| 10% liquidated damages | $2,183.85 | |
| 7% per annum interest (to 10/3/07) | $82.93 | |
| | | $24,105.28 |
| Attorneys Fees (through 10/2/07) | | $1,256.75 |
| Costs of Suit (Complaint filing fee) | | $350.00 |
| **TOTAL** | | **$55,242.25** |

4.      Defendants shall *conditionally* pay the amount of **$53,274.89** (the total, less $1,967.36 in July 2007 liquidated damages) upon Trustee approval and timely compliance with all

1  of the terms of this Stipulation as follows:  Beginning on October 10, 2007, and continuing on or

2  before the 10th of every month thereafter for a period of 12 months (through September 10, 2008),

3  defendants shall pay to plaintiffs **$4,610.00** per month. Defendants shall have the right to increase

4  the monthly payments at any time, and can be made by joint check, endorsed by defendants prior

5  to submission to plaintiffs.

6

7          (a)      Payments shall be applied first to unpaid interest at the rate of 7% per

8  annum on the unpaid principal balance, in accordance with plaintiffs' Trust Agreements.

9          (b)      Payments shall be made to the Bay Area Painters and Tapers Trust Funds,

10  and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street,

11  Suite 520, San Francisco, CA  94105 **on or before the 10th of each month as stated above**, or to

12  such other address as may be specified by plaintiffs.  In the event that any check is not timely

13  submitted or  submitted by defendants but fails to clear the bank, or is unable to be negotiated for

14  any reason, this shall be considered to be a default on the Judgment entered.  If this occurs,

15  plaintiffs shall make a written demand to defendants to cure said default.  Default will only be

16  cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law

17  Corporation within seven (7) days of the date of the notice from plaintiffs.  If defendants elect to

18  cure said default, and plaintiffs elect to accept future payments, all such payments shall be made

19  by cashier's check.  In the event default is not cured, all amounts remaining due hereunder shall be

20  due and payable on demand by plaintiffs.

21

22          (c)      At the time that defendants makes its 11th payment, defendants may submit

23  a written request for waiver of liquidated damages directed to the Board of Trustees, but sent

24  to Saltzman and Johnson Law Corporation with the 11th payment.  Defendants will be advised as

25  to whether or not the waiver has been granted prior to the final payment hereunder.

26

27  ///

28

-3-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-5065 JSW**

P:\CLIENTS\PATCL\Hyland-Tsukamoto 3\Pleadings\C07-5065 JSW Judgment Pursuant to Stipulation 100207.DOC

5.      Beginning with contributions due for hours worked by defendants' employees during the month of September 2007, to be postmarked no later than October 15, 2007, and for every month thereafter until this judgment is satisfied, defendants **shall remain current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.  To the extent that defendants is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Saltzman and Johnson Law Corporation to the attention of Michele R. Stafford concurrently with their submission to the general contractor, owner or other reporting agency**. Failure by defendants to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply.  Any such unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6.      Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendants, in writing, of any additional amounts owed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter.  Said amount shall be paid with the last payment, on or before September 10, 2008. In the event that the requested waiver of liquidated damages is not granted, this amount shall be included and paid with the final payment hereunder.

-4-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-5065 JSW**

7.    In the event that defendants fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 5 above, then,

(a)    The entire balance of $55,242.25 plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 10% liquidated damages and 7% per annum interest thereon as provided in above paragraph 5  shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b)    A writ of execution may be obtained against defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein. If applicable, the writ shall be obtained upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendants and the balance due and owing as of the date of default.  <u>Defendants specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein</u>.

(c)    Defendants waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

(d)    Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendants to plaintiffs under this Stipulation.

8.    Any failure on the part of the plaintiffs to take any action against defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendants of any provisions herein.

///

P:\CLIENTS\PATCL\Hyland-Tsukamoto 3\Pleadings\C07-5065 JSW Judgment Pursuant to Stipulation 100207.DOC

9.     Plaintiffs specifically reserve all rights to bring a subsequent action against defendants for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

10.     In the event of the filing of a bankruptcy petition by defendants, the parties agree that any payments made by defendants pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

Dated: October 3, 2007              HYLAND-TSUKAMOTO PAINTING & DECORATING


                                    By:_____/s/_____
                                        Christopher Lum Hyland, aka Chris Hyland
                                        Owner/President

Dated: October 3, 2007              CHRISTOPHER LUM HYLAND, aka CHRIS HYLAND


                                    _____/s/_____
                                        Individually


Dated: October 3, 2007              SALTZMAN & JOHNSON LAW CORPORATION


                                    By:_____/s/_____
                                        Michele R. Stafford
                                        Attorneys for Plaintiffs

IT IS SO ORDERED.


Dated: October _____, 2007          _____
                                    UNITED STATES DISTRICT COURT JUDGE

P:\CLIENTS\PATCL\Hyland-Tsukamoto 3\Pleadings\C07-5065 JSW Judgment Pursuant to Stipulation 100207.DOC